**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DONNA KAY CARLSON and DANIEL CARLSON, Her Husband 10757 N 74th Street, Unit #1002, Scottsdale, AZ 85260** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **Case No. _________** |
| **WALMART INC. 1 Customer Drive, Bentonville, Arkansas 72716** | : | |
| **Serve: C T Corporation System 1015 15th Street, NW, Suite 1000, Washington, DC 20005** | : | |
| **Defendant.** | : | |

**COMPLAINT FOR DAMAGES**
**(Malicious Prosecution, Negligence, Defamation, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress)**

Plaintiffs, Donna Kay Carlson and Daniel Carlson, her husband, through their attorneys, Patrick M. Regan, Emily C. Lagan, and the law office of Regan Zambri Long PLLC, respectfully demand judgment against the Defendant, Walmart Inc., on the grounds and in the amount set forth below:

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of parties.

2. The Court is a proper venue for this action under 28 U.S.C. § 1391(b)(2) because the acts out of which the action arises occurred in the District of Columbia.

## PARTIES

3. Plaintiffs, Donna Kay Carlson and Daniel Carlson, are and were at all times relevant adult residents of the State of Arizona.

4. Upon information and belief, Defendant Walmart Inc. ("Defendant Walmart") is a For-Profit Corporation existing under the laws of the State of Delaware with its headquarters and principal place of business in the State of Arkansas, and it is authorized to transact business, and conduct business, in the District of Columbia.

## FACTS

### Counterfeit Check

5. On September 25, 2005, an unidentified patron ("The Unidentified Walmart Customer") of the Walmart store located at 351 River Hill Road, Melody Mountain, Ashland, Kentucky 41101 ("the Walmart Store") issued a counterfeit check to Defendant Walmart in the amount of $367.01.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

6. The counterfeit check listed the Unidentified Walmart Customer's name as "Donna K. Carlson," and listed the Unidentified Walmart Customer's address as "RT 13 Box 345, Texarkana, TX 75501."

7. There was no evidence that the limited personal information provided on the fraudulent check was reflective of the true identity of the Unidentified Walmart Customer, or of any real person.

8. Upon information and belief, an agent or employee of Defendant Walmart conducted an investigation or report into the incident and erroneously determined that Plaintiff Donna Kay Carlson ("Ms. Carlson") was the Unidentified Walmart Customer who issued the counterfeit check.

9. On January 20, 2006, Defendant Walmart filed a criminal complaint against Ms. Carlson for theft by deception, with a shared, ordinary name being the only point of connection between the Unidentified Walmart Customer and Ms. Carlson. The criminal complaint was signed and certified by an employee or agent of Defendant Walmart.

10. At the time of filing the criminal complaint against Ms. Carlson, an employee and/or agent of Defendant Walmart provided law enforcement authorities with some of Ms. Carlson's own personal information for the corresponding arrest warrant. None of Ms. Carlson's personal information was ever listed on the counterfeit check nor obtained at the time the counterfeit check was presented to the Walmart store on September 25, 2005.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

11. At this time, Ms. Carlson was residing in Marana, AZ, and had never been to the subject Walmart Store or to the Commonwealth of Kentucky.

12. Ms. Carlson has always gone by "Donna Kay," not "Donna"; "Donna" was the name noted on the counterfeit check.

13. There was no evidence that would have led a reasonable person to believe with any degree of certainty that Ms. Carlson was the Unidentified Walmart Customer who issued the counterfeit check. In filing this criminal complaint against Ms. Carlson, Defendant Walmart either failed to engage in even a minimal investigation to discern that Ms. Carlson was not in fact the Unidentified Walmart Customer or simply ignored evidence in their possession showing that Ms. Carlson had no relation to the Unidentified Walmart Customer in question.

14. Based on the information provided and the criminal complaint signed and certified by an employee or agent of Defendant Walmart, the Boyd District Court in the Commonwealth of Kentucky ("The Court") issued an extraditable fugitive warrant for Ms. Carlson's arrest on February 6, 2006 (Warrant No. WR 0600354).

15. At the time the warrant was issued, Ms. Carlson had absolutely no knowledge of the Unidentified Walmart Customer, Defendant Walmart's criminal complaint, the corresponding arrest warrant, or the subject incident.

**<u>Ms. Carlson's False Detainment and Arrest</u>**

16. On June 18, 2024, Ms. Carlson and Daniel Carlson ("Mr. Carlson") were members of a group associated with the Arizona Diamondbacks Major League Baseball

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

team, and were invited to visit the White House, located at 1600 Pennsylvania Avenue, NW, Washington, DC, 20500.

17. Upon their arrival at the White House, Ms. Carlson and the other invited guests associated with the Arizona Diamondbacks were required to go through standard White House security.

18. As Ms. Carlson was undergoing standard White House security checks, she was promptly flagged by United States Secret Service for having a 2006 criminal warrant out for her arrest. At this time, both the basis for and the existence of this warrant were still completely unbeknownst to Ms. Carlson.

19. The warrant was based on the criminal complaint filed by Defendant Walmart alleging that someone using the name "Donna K. Carlson" of Texarkana, Texas had issued a counterfeit check to the Walmart Store in the amount of $367.01 nineteen years prior, in September 2005.

20. Unbeknownst to United States Secret Service and other law enforcement personnel at the time, Ms. Carlson had still never been to the Commonwealth of Kentucky or inside the Walmart Store.

21. Acting on the warrant, which was based on Defendant Walmart's negligent, careless, and reckless investigation and criminal complaint, law enforcement authorities publicly placed Ms. Carlson in handcuffs at the White House and falsely arrested and detained her.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

22. At the time of her false arrest, Ms. Carlson experienced complete shock, fear, anxiety, and humiliation. She was surrounded by family members, friends, and business colleagues of her husband, Mr. Carlson, at the time of her false arrest.

23. Ms. Carlson was taken to the Metropolitan Police Department headquarters in Washington, DC, where she was falsely detained overnight and held for approximately twenty-seven (27) hours, until her release on June 19, 2024.

24. Prior to her release from the MPD headquarters, Ms. Carlson was scheduled to be extradited to Kentucky.

25. From the date she was released from custody through the present, Ms. Carlson has worked tirelessly to try to clear her name of the criminal charges falsely filed against her by Defendant Walmart.

26. On June 19, 2024, Ms. Carlson and Mr. Carlson attested that Ms. Carlson had never been to Kentucky. They further attested that they had resided in Arizona since 2002.

27. That same day, the U.S. Attorney's Office "no papered" Ms. Carlson's fugitive case.

28. On June 24, 2024, five days later, the Honorable Scott T. Reese of Boyd District Court in the Commonwealth of Kentucky issued an Agreed Order dismissing the underlying criminal case against Ms. Carlson with prejudice.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

29. Ms. Carlson moved to expunge her arrest due to the baseless and reckless criminal complaint brought by Defendant Walmart, and on July 31, 2024, an Order for Automatic Expungement was issued by The Court in Kentucky.

30. On August 12, 2024, Ms. Carlson filed a Motion to Seal Arrest Records Based on Actual Innocence ("Motion to Seal") with the Superior Court of the District of Columbia (Criminal Division).

31. On November 26, 2024, the prosecution filed a Notice to the Court of the Government's Concession, concluding that it "[had] reviewed the facts in the instant case, and [believed that The Court could find], by a preponderance of the evidence, that [Ms. Carlson] did not commit the offense for which [she] was arrested."

32. In an Order dated February 4, 2025, The Court granted Ms. Carlson's Motion to Seal and specifically found that "by a preponderance of the evidence [she] did not commit the offense for which [she] was arrested."

33. As a result of being falsely reported, charged, and arrested for theft by deception, Ms. Carlson suffered severe emotional distress which stemmed from being publicly arrested in front of friends and colleagues; handcuffed, frisked, fingerprinted, and detained overnight; from being deprived of a once in a lifetime experience to visit the White House as an invited guest; from being removed from her family and friends; from unknowingly having a criminal warrant out for her arrest for a duration of eighteen years; and from being subjected to months of criminal proceedings to establish her innocence.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036
202-463-3030

34. As a further direct result of being falsely reported and arrested, Ms. Carlson has incurred significant financial losses; and has suffered and will continue to suffer, injuries to her reputation, emotional trauma, anxiety, mental anguish, and insomnia, as well as other damages.

**<u>COUNT I</u>**
**(Malicious Prosecution)**

35. Plaintiff Donna Kay Carlson incorporates by reference the preceding paragraphs and further alleges that Defendant Walmart instituted a criminal proceeding against Ms. Carlson by bringing the false and malicious charge against her of theft by deception for issuing and passing a counterfeit check at the Walmart Store.

36. The criminal proceedings filed by Defendant Walmart against Ms. Carlson were initiated with no good reason to believe that the charges were justified by the facts of the law.

37. The criminal proceedings against Ms. Carlson were terminated in her favor; six days after Ms. Carlson's arrest and imprisonment, the Court issued an order dismissing the underlying criminal case against Ms. Carlson with prejudice.

38. After more than seven months of additional criminal proceedings, based upon the evidence, or lack thereof, the Court granted Ms. Carlson's Motion to Seal Arrest Records Based on Actual Innocence of the charge of theft by deception. This dismissal

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

and subsequent order to seal Ms. Carlson's arrest records constituted a favorable termination.

39. The criminal proceedings instituted by Defendant Walmart against Ms. Carlson were without probable cause; any reasonable individual or entity would have understood that there was no probable cause for bringing charges against Ms. Carlson for many reasons, including the following:

a. Any theory employed by the agents or employees of Defendant Walmart to equate Ms. Carlson to the Unidentified Walmart Customer rested solely on the uncorroborated, careless, and reckless assumption that a shared, ordinary name between Plaintiff Donna Carlson and the potentially fictitious "Donna K. Carlson" listed on the counterfeit check constituted proof of a shared identity.

b. The counterfeit check was determined to be fraudulent, and thus, with no further information about the identity of the Unidentified Walmart Customer, no determination could be made with any degree of certainty that the name listed on the counterfeit check was reflective of the true identity of any real person, including the Unidentified Walmart Customer.

c. Ms. Carlson resided in Marana, AZ, at the time that the Unidentified Walmart Customer issued the fraudulent check. Even the most minimal investigation into the matter would have yielded the finding that Ms. Carlson did not reside at the Texarkana, TX, address listed on the counterfeit check.

d. Ms. Carlson has never been to the Walmart Store or to Kentucky, and Defendant Walmart never had any legitimate reason or evidence to believe otherwise.

40. The unreasonableness of Defendant Walmart's actions and the lack of probable cause is underscored by the fact that, just six days after her initial arrest on an

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

eighteen-year-old criminal warrant, The Court dismissed the criminal case against Ms. Carlson with prejudice.

41. Defendant Walmart acted with malice by falsely bringing charges against Ms. Carlson for theft by deception. Defendant Walmart's malice may be inferred from the fact that it instituted serious criminal proceedings against Ms. Carlson in the absence of probable cause.

42. As a direct result of Defendant's malicious prosecution of Ms. Carlson for theft by deception, Ms. Carlson has suffered a wrong to her character and reputation, and has incurred significant financial loss, insult to her person and character, harm to her reputation, and severe mental suffering, anxiety, and distress.

## COUNT II
## (Negligence)

43. Plaintiff Donna Kay Carlson incorporates by reference the preceding paragraphs and further alleges that Defendant Walmart, as the owner, operator, and/or manager of the Walmart Store located at 351 River Hill Road, Melody Mountain, Ashland, Kentucky, owed a duty to her to properly investigate and report incidents of customer misconduct at the Walmart Store with reasonable care and attention, and in accordance with all state and federal laws and regulations.

44. Plaintiff Donna Kay Carlson further alleges that Defendant Walmart and its employees or agents breached the duty owed to Ms. Carlson in some or all of the following ways:

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036
202-463-3030

a. by failing to carefully and accurately report incidents of customer misconduct, specifically including the incident involving the Unidentified Walmart Customer;

b. by failing to properly investigate incidents of customer misconduct in a reasonable and attentive manner to ensure that information was correctly reported, specifically including the incident involving the Unidentified Walmart Customer;

c. by failing to accurately report the incident of customer misconduct involving the Unidentified Walmart Customer to law enforcement authorities, resulting in the initiation of false and baseless criminal charges against Ms. Carlson;

d. by failing to timely correct any of its false reports or determinations that Ms. Carlson was the Unidentified Walmart Customer prior to bringing serious criminal charges against her;

e. by failing to timely correct its false criminal allegations against Ms. Carlson in the nineteen years prior to her false arrest;

f. by failing to use the degree of care and attention that a reasonable person and/or entity would have used under the same or similar circumstances to investigate and report the subject incident;

g. by acting with conscious disregard for the reputation, well-being, and actual innocence of others, including Plaintiff Donna Carlson;

h. by failing to take appropriate measures to eliminate the risk of innocent individuals being needlessly charged, arrested, and detained as a result of erroneous reports and investigations; and

i. in other particulars as evidence may show at trial.

45. As a direct result of Defendant Walmart’s negligent acts and omissions as described above, Ms. Carlson suffered the severe injuries and damages set forth in paragraphs 33-34 above.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

**COUNT III**
**(Defamation)**

46. Plaintiff Donna Kay Carlson incorporates by reference the preceding paragraphs and further alleges that Defendant Walmart made numerous false and defamatory statements concerning Plaintiff Donna Carlson when Defendant Walmart falsely communicated to third party law enforcement authorities that Plaintiff Donna Carlson had committed the crime of theft by deception by issuing a counterfeit check at the Walmart Store on September 25, 2005.

47. Defendant Walmart published these statements without privilege to third party law enforcement authorities.

48. The statement that Plaintiff Donna Kay Carlson had committed the crime of theft by deception by issuing a counterfeit check at the Walmart Store on September 25, 2005 was both false and defamatory.

49. As set forth above (Count II), Defendant Walmart was negligent in publishing the statement.

50. When publishing these statements, Defendant Walmart knew or in the exercise of reasonable care should have known that there was not sufficient evidence to establish that Ms. Carlson had committed the crime of theft by deception at the Walmart Store.

51. Defendant Walmart's false and defamatory statements to law enforcement authorities injured Ms. Carlson's reputation and standing and lowered her in the estimation of the community, among inflicting other injuries to her reputation.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

**COUNT IV**
**(Intentional Infliction of Emotional Distress)**

52. Plaintiff Donna Kay Carlson incorporates by reference the foregoing paragraphs and further alleges that Defendant Walmart's false allegations to law enforcement authorities that Ms. Carlson had committed theft by deception, in both a store and in a state which Ms. Carlson had never been to, amount to extreme and outrageous conduct.

53. When engaging in that extreme and outrageous conduct, Defendant Walmart either intended to inflict emotional distress on Ms. Carlson or—in knowingly initiating serious criminal proceedings against her without probable cause—acted with reckless disregard for whether its actions would inflict such distress.

54. Defendant Walmart's conduct directly caused Plaintiff to suffer the severe emotional distress and other injuries set forth above.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**

55. Plaintiff Donna Kay Carlson incorporates by reference the preceding paragraphs and further alleges that Defendant Walmart, as the owner, operator, and/or manager of the Walmart Store located at 351 River Hill Road, Melody Mountain, Ashland, Kentucky, owed a duty to Plaintiff Donna Carlson to properly investigate and report incidents of customer misconduct at the Walmart Store with reasonable care and attention, and in accordance with all state and federal laws and regulations.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

56. In negligently investigating the instance of customer misconduct and initiating criminal charges against Ms. Carlson (as described above, Count II), with absolutely no evidence that she was involved in the alleged misconduct, Defendant Walmart undertook an obligation to her that implicated her emotional wellbeing.

57. There was an especially likely risk that Defendant Walmart's negligent investigation and initiation of criminal charges against Ms. Carlson would cause her severe emotional distress.

58. Defendant Walmart's negligent acts and omissions did in fact cause Ms. Carlson severe emotional distress, as set forth above in paragraphs 33-34.

**COUNT IV**
**(Loss of Consortium: Plaintiff Daniel Carlson)**

59. Plaintiff Daniel Carlson incorporates by reference the preceding paragraphs and further alleges that Plaintiff Daniel Carlson is the husband of Plaintiff Donna Kay Carlson.

60. Plaintiff Daniel Carlson further alleges that as a direct result of Defendant Walmart's acts and omissions, as previously described, he has spent considerable time supporting and assisting his wife from the time of her false arrest to the present.

61. As a direct result of Defendant Walmart's acts and omissions as described above, Plaintiff Daniel Carlson has sustained losses of society, companionship, and consortium.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036
202-463-3030

WHEREFORE, Plaintiff Donna Kay Carlson demands judgment against Defendant Walmart Inc. in the full and just amount of Two Million Dollars ($2,000,000.00), in compensatory damages plus interest and costs.

WHEREFORE, Plaintiff Daniel Carlson demands judgment against Defendant Walmart Inc. in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages, plus interest and costs.

WHEREFORE, Plaintiff Donna Kay Carlson demands judgment against Defendant Walmart Inc. in the full and just amount of Five Million Dollars ($5,000,000.00) in punitive damages, plus interest and costs.

**JURY TRIAL DEMAND**

Plaintiffs request a trial by jury on all the above claims.

Respectfully submitted,

REGAN ZAMBRI LONG PLLC

By: ***/s/ Patrick M. Regan***
Patrick M. Regan #336107
pregan@reganfirm.com
Emily Lagan #1645159
elagan@reganfirm.com
1919 M Street, NW, Suite 600
Washington, DC 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030